## WILLIAM P. WOMACK *v.* JAMES D. NICHOLS.

1. SHERIFF: MOTION AGAINST DEPUTY.—A motion by a sheriff against his deputy for a failure to pay to him his costs collected by the deputy on various executions need not set out the executions, if a schedule or list of the executions be filed with the motion.

2. SAME : SAME.—A sheriff may proceed against his deputy by motion for the failure to pay over costs collected by the deputy, on executions placed in his hands.

3. SAME: PRACTICE : DEMURRER : IMMATERIAL ERROR NO CAUSE FOR RE-VERSAL.—If a motion against a deputy sheriff be double in embracing two distinct grounds, for which the same judgment cannot be rendered, the defendant cannot assign for error that his demurrer thereto was overruled,

if, before the trial, the plaintiff dismiss as to one of the grounds of the motion ; for this action of the plaintiff secures to the defendant all the advantage he would have gained by having his demurrer sustained.

4. SHERIFF : DEPUTY : ESTOPPED TO DENY HIS OFFICIAL CHARACTER.—A deputy sheriff who has continued to act as such after the expiration of his term of appointment, by collecting money on executions and making returns on the same in his official character, cannot deny that he was deputy sheriff, in a motion against him by the sheriff for his failure to pay over money so collected.

ERROR to the Circuit Court of De Soto county. Hon. P. T. Scruggs, judge.

A full statement of the case will be found in the opinion of the court.

*H. W. Walter*, for plaintiff in error.

*White, Chalmers,* and *Scales,* and *T. J. & F. A. R. Wharton,* for defendant in error.

HANDY, J., delivered the opinion of the court:

This was a motion, in the Circuit Court, by a sheriff against his deputy.

The original motion was on the ground of the failure of the deputy to return certain writs of execution which came to his hands in his official capacity ; and subsequently the plaintiff was allowed to amend the motion by adding another ground, to wit, the failure of the deputy to pay over moneys collected by him under the executions. The defendant objected to the allowance of this amendment, and after it was allowed, asked a continuance of the motion to another day of the term ; which was refused. The defendant then demurred to the motion on several grounds: 1st. That the motion did not lie on the first ground stated. 2d. That it was double, containing two distinct and inconsistent grounds of complaint. 3d. That it was uncertain and insufficient. The demurrer was overruled, and on the trial the plaintiff dismissed the first ground, and it was tried on the second, and a verdict and judgment rendered for the plaintiff.

The first error assigned is the overruling of the demurrer; and in support of this, it is, first, insisted, that the motion did

not specify the executions which came to the defendant's hands with certainty. But it referred to a list of the executions filed with the motion and made part of it; which was sufficient, as upon demurrer the list must be taken to have been filed.

It is next insisted that the motion did not lie for the non-payment of the money collected, because there was nothing unpaid on the executions but costs; and as the statute only gives the remedy by motion to the sheriff against his deputy for money collected, in cases where the creditors at whose suit the execution issued, and such creditors had no such remedy here because their money was paid, that the sheriff was not entitled to his motion against the deputy for costs collected on the executions.

This position is founded on a literal construction of the words of the statute, in disregard of its spirit. The language of the statute gives the motion to the sheriff against his deputy, in the same manner "as to the creditors at whose suit such writ issued." Rev. Code, 122, Art. 116. Now the writ of execution is issued as well for the benefit of the officers who are entitled to costs and fees in the suit as for the creditor whose debt is to be collected; and according to the form of the writ, and in strictness of law, the costs are to be paid to the plaintiff, who is presumed to have paid them previously to the officers entitled to them, and therefore to be entitled to recover them from the defendant as proper costs paid by him in the prosecution of his suit. The fact that the costs are collected on executions by officers and retained by them instead of being paid over to the plaintiff, under the practice which obtains in this State, does not change the legal effect of the writ. They are still due, in the strictness of law, to the plaintiff, and the sheriff is entitled so to regard them. He is, therefore, entitled to his motion against his deputy, who has collected them and refuses to pay them over.

Again, it is objected that the motion for failing to return the executions could not be joined with one for failing to pay over money, because the judgment in the two states of case would be different, and hence that the joint motion was double. But whatever force there may be in this, no prejudice was done to the defendant by overruling the demurrer founded on it; for

William P. Womack *v.* James D. Nichols.

upon the trial, the first ground was dismissed, and the case was tried upon the second. The defendant attained the same end as he would have done if his demurrer had been sustained; for the plaintiff would have been entitled, in that event, to amend, as he did on the trial; so that, in the whole proceeding, he sustained no injury.

The second error assigned is, the allowance of the amendment and the refusal of the court to set the case over for another day. These were matters within the discretion of the court. The former was clearly right, and it does not appear that any prejudice was done to the defendant by the latter; for, upon the refusal to grant the defendant's application, he filed a demurrer to the amended motion, and it appears that the case was not tried until the next term, so that if his object was to enable him to prepare his defence to the merits of the motion, that was fully attained.

The third assignment is, that the testimony shows that the defendant was not deputy sheriff at the time the moneys were collected by him; and therefore that his motion for a new trial should have been granted.

It appears by the testimony of the probate clerk that he had been appointed deputy during the term of the sheriff which transpired on the first Monday of November, 1855, but was not appointed after the re-election of the sheriff which took place on that day; and it appears that the money was collected after the re-election; and the probate clerk further testifies that he was not reappointed deputy after the re-election. This testimony may well be taken to mean that he was not reappointed so far as the records in the probate clerk's office showed. But be this as it may, he made returns on the executions, dated in November, 1855, after the election, signing his name thereto as deputy sheriff, and he is thereby estopped to deny that he was not authorized to act in that capacity.

The last error assigned is, that the verdict exceeds the amount due for the costs, as shown by the evidence. This is a question of calculation, and, as no certificate is filed in relation to it as required by the 25th rule, it cannot be noticed.

Judgment affirmed.